UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY ELIZABETH PURDY,

    Plaintiff,

v.

                            Civil Case No. 16-10740
                            Honorable Linda V. Parker

TOPAC EXPRESS, a corporation
And GURWINDER SINGH BAINS,
an individual,

    Defendants.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO TERMINATE THE DEPOSITION OF ROBERT BRUCE MCKAY AND (2) DENYING DEFENDANTS' MOTION FOR SANCTIONS [ECF. NO. 22]**

**I. Introduction**

      This lawsuit stems from a tractor-trailer/motorcycle accident that occurred in Ann Arbor on July 5, 2013. The accident occurred between Plaintiff Shelly Elizabeth Purdy ("Plaintiff") and Defendant Gurwinder Singh Bains ("Defendant Bains") who drove a truck as an employee of Defendant Topac Express (collectively "Defendants"). Presently before the Court are Defendants' motion for protective order to terminate the deposition of Robert Bruce McKay and Defendants' motion for sanctions. (ECF No. 22.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with

1

oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on June 21, 2016. (ECF No. 26.) For the reasons that follow, the court is denying Defendants' motion for protective order to terminate the deposition of Robert Bruce McKay and denying Defendants' motion for sanctions.

## II. Background

On March 31, 2016, this Court issued a scheduling order that provided a discovery deadline of October 14, 2016. (ECF No. 12.) During the course of discovery, the parties agreed that the depositions of Defendant Gurwinder Singh Bains ("Defendant Bains") and Robert Bruce McKay, Safety Director of Defendant Topac Express, would take place on May 26, 2016 in Toronto, Canada. (ECF No. 15-5 at Pg ID 140.) Pursuant to the parties Rule 26(f) conference, it was determined the maximum length of depositions would be 5 hours. (ECF No. 27 at Pg ID 465.) Plaintiff's counsel served notice for the depositions of Defendant Bains and Mr. McKay on April 12, 2016. (ECF No. 15-2 at Pg ID 130-32.)

In anticipation of the deposition, Defendants served their responses to interrogatories on May 20, 2016. (ECF Nos. 15-7, 15-8.) A discovery dispute arose on May 23, 2016, when counsel for the Plaintiff's wanted to postpone the May 26 depositions because counsel found the responses incomplete. (ECF No. 15-3 at Pg ID 135.) This resulted in Defendants filing a motion for an emergency protective order with Magistrate Judge Majzoub. (ECF No. 15.) The parties

participated in a telephone conference with Magistrate Judge Majzoub, where she ordered that Defendants' Emergency Motion for Protective Order was denied; the depositions of Defendant Bains and McKay would be rescheduled for another date; and Plaintiff would be responsible for reasonable expenses and attorney's fees incurred by Defendants due to the adjournment of the two depositions. (ECF No. 19 at Pg ID 195.)

During the telephone conference, there was a discussion of defense counsel's travel plans scheduled for the evening of May 26, 2016. (ECF No. 22-5.) Kevin Mulvaney, counsel for Defendants, had a flight scheduled for the evening of May 26th from Toronto for personal reasons. (ECF No. 22-7 at Pg ID 314.) He had purchased a ticket for the flight after counsel for both parties agreed on the deposition date. (*Id.*) As of the telephone conference, Plaintiff's counsel Jinan Hamood was aware that Mr. Mulvaney would have to leave the deposition on May 26 at 5:00 PM. No objections were made. (ECF No. 22-5.)

The next day, Mr. Mulvaney spoke with co-counsel for the Plaintiff, Oscar Rodriguez, about the upcoming depositions. (ECF No. 22, ¶ 17.) During this conversation, Mr. Mulvaney shared that the depositions would need to end by 5:00 PM on May 26th due to his travel itinerary. (*Id.*) Mr. Mulvaney offered to start the deposition an hour earlier than scheduled to help accommodate Ms. Hamood

and Mr. Rodriguez. (*Id.*) Mr. Rodriguez declined, keeping the first deposition scheduled for 9:00 AM. (*Id.*)

On May 26, 2016, the depositions began as planned at 9:00 AM, starting with Defendant Bains. (*Id.*, ¶ 18.) His deposition ended at approximately 3:00 PM. (*Id.*, ¶ 19.) After a lunch break, the deposition of Mr. McKay began at 3:46 PM. (*Id.*, ¶¶ 21, 22.) Throughout the day, Mr. Mulvaney reminded opposing counsel that the depositions would need to conclude at 5:00 PM. (*Id.*, ¶¶ 18, 23.) No objections were made. (*Id.*) After 5:00 PM, Mr. Mulvaney reminded opposing counsel that he had to leave. (*Id.*, ¶¶ 24, 25.) The deposition ended at 5:08 PM. (*Id.*, ¶ 25.) Mr. Mulvaney counsel alleges that Plaintiff's counsel used aggressive language against him both during and after the deposition. (*Id.*, ¶ 26.) Counsel for the Plaintiff does not dispute that the statements were made. (ECF No. 27, ¶ 22.)

The deposition of Mr. McKay lasted 83 minutes. (ECF No. 27 at Pg ID 423-24.) After the deposition, Ms. Hamood made repeated requests to Mr. Mulvaney to provide dates to continue Mr. McKay's deposition. (ECF No. 22-14 at Pg ID 399-401.) On June 16, 2016, Mr. Mulvaney sent Ms. Hamood a letter stating that he would not produce Mr. McKay for another deposition. (ECF No. 22-13 at Pg ID 396-97.)

Defendants' counsel filed the instant motion on June 17, 2016, requesting that this Court (1) issue a protective order terminating the deposition of Mr.

McKay; (2) issue sanctions against Plaintiff and Plaintiff's counsel for alleged discovery abuse; and (3) award Defendants reasonable attorney fees and costs due to the actions of both Plaintiff and Plaintiff's counsel. (ECF No. 22 at Pg ID 220.) Plaintiff's response requests that the Court (1) deny Defendants' motion; (2) order Defendants to produce Mr. McKay for a continued deposition; and (3) sanction Defendants' for causing Plaintiff's counsel to spend 15 hours responding to their motion. (ECF No. 27 at Pg ID 444.)

### III. Legal Standard

Federal Rule of Procedure 26(c) allows the court to issue protective orders for good cause shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 30(d)(2), a court "may impose an appropriate sanction…on a person who impedes, delays, or frustrates the fair

5

examination of the deponent." Fed. R. Civ. P. 30(d)(2). Parties may file a motion to terminate or limit a deposition if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A).

## IV. Analysis

Defendants failed to establish that good cause requires protecting Mr. McKay for the remainder of the five-hour deposition allotted to Plaintiff pursuant to the Rule 26(f) conference. While it is clear that counsel for both parties have a contentious relationship, Defendants' counsel has not provided facts that demonstrate "serious injury" to Mr. McKay to prevent the continuance of the deposition. *Nix*, 11 Fed.Appx. at 500.

The Court finds sanctions against either party are unwarranted. Plaintiff's desire to continue the deposition of Mr. McKay does not demonstrate bad faith. Rather, it is clear there was miscommunication between counsel for both parties when scheduling Mr. McKay's deposition as to whether the deposition would be adjourned. The termination of Mr. McKay's deposition is not the appropriate remedy for this error.

Further, the facts presented to the court for the instant motion and history of the case demonstrate that both parties have contributed to the delay in discovery in this matter.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Protective Order to Terminate the Deposition of Robert Bruce McKay and Motion for Sanctions (ECF No. 22) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants produce Mr. McKay for a deposition for the remaining time allotted pursuant to the Rule 26(f) conference.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
