UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY ELIZABETH PURDY,

    Plaintiff,

v.

                                Civil Case No. 16-10740
                                Honorable Linda V. Parker

TOPAC EXPRESS, a corporation
And GURWINDER SINGH BAINS,
an individual,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 33]**

    This lawsuit stems from a tractor-trailer/motorcycle accident that occurred in Ann Arbor on July 5, 2013. The accident occurred between Plaintiff Shelly Elizabeth Purdy ("Plaintiff") and Defendant Gurwinder Singh Bains ("Defendant Bains") who drove a truck as an employee of Defendant Topac Express (collectively "Defendants"). Presently before the Court is Defendants' motion for summary judgment. (ECF No. 33.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is denying Defendants' motion.

1

## I. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.   Factual and Procedural Background

On July 5, 2013, Plaintiff was involved in a motorcycle/automobile accident with Defendant Bains. (Compl. ¶ 4.) The accident occurred at approximately 5:28 PM when Plaintiff was entering I-94 from the Jackson Road exit. (*Id.*) Plaintiff became unconscious after the collision. (ECF No. 38 at Pg ID 848.) Another driver, Steven James Lawrence, witnessed the accident and pulled over immediately after. (ECF No. 33 at Pg ID 608.) Only one investigator arrived to the location of the accident: Michigan State Trooper John Robe. As the only investigator for the accident, Trooper Robe was responsible for creating a traffic crash report. Trooper Robe interviewed Lawrence and Defendant Bains at the scene and Plaintiff at the hospital a short time later. (ECF No. 38 at Pg ID 849.)

Plaintiff alleges the collision occurred due to Defendant Bains' negligence. According to Plaintiff, she was driving her motorcycle 20 miles per hour on the

ramp "and then trying to speed up out of the curve to get to highway speed safely." (Purdy Dep. 51:11-13, May 11, 2016.) As she was merging, Defendant Bains crossed the solid line dividing the right lane of the highway from the ramp. (ECF No. 38 at Pg ID 848.) Plaintiff attempted to prevent an accident by placing her left hand on the side of the tractor-trailer, right above the wheel. (*Id.* at Pg ID 847-48.) As a result of this first point of contact Plaintiff was "bumped [] approximately two feet, or an [arm's] length, towards the middle of the ramp." (*Id.* at Pg ID 848.) Unaware of Plaintiff, Defendant Bains allegedly continued to cross over the merging lane, hitting Plaintiff a second time. (*Id.*) This second hit caused Plaintiff to lose consciousness. (*Id.*)

Lawrence witnessed the collision between Plaintiff and Defendant Bains. During his deposition, Lawrence testified that Plaintiff's bike was "wobbly" coming up the ramp and "there was no control" over the motorcycle. (Lawrence Dep. 8:23-9:2, Aug. 19, 2016.) According to Lawrence, the first and only point of contact between the vehicles was when Plaintiff hit the back of the trailer-tractor's rear bumper and "flew" in the air before falling back and hitting the ground. (Lawrence Dep. 21:23, 10:2-14.) He was unsure if Plaintiff crossed the solid line dividing the right lane from the ramp. (*Id.* at 13:10-13.)

The traffic crash report created by Trooper Robe includes summaries of his interviews with Plaintiff and Lawrence. Trooper Robe described his interview with Lawrence as follows:

> [Lawrence] said the Tractor-Trailer was in the right lane and the motorcyclist came off the ramp too fast, and was losing control of the motorcycle. The motorcyclist hit the Trailer just in front of the Trailer's Tires and she went under the tires before rolling across the ground.

(ECF No. 33-5 at Pg ID 717.) Trooper Robe also provided Plaintiff's account of the facts when he interviewed her at the hospital:

> [Plaintiff] told me that she was entering onto eastbound I-94 from Jackson Road and was going to [sic] fast on the ramp, which caused her to lose control of her bike then she struck a patch of loose gravel. She placed her right leg to try and gain control of her bike but was not able to do so, and struck the Semi's Trailer [sic]. She could not remember anything past this point because she told me that she blacked out. When asked, she confirmed that the Motorcycle that she was riding was not insured and that the plated [sic] was also expired.

(*Id.*) Based on their statements, Trooper Robe concluded that Plaintiff caused the accident by driving her motorcycle too fast on the ramp. (Trooper Dep. 39:8-12, May 12, 2016.)

Plaintiff initiated this action in state court on February 2, 2016. (ECF No. 1-2.) Defendants removed the case to this Court on March 2, 2016. (ECF No. 1.) Defendants filed a motion for summary judgment on August 26, 2016 and Plaintiff filed a response on September 30, 2016. (ECF Nos. 33, 38.) Defendants filed their reply brief on October 14, 2016. (ECF No. 40.) Plaintiff filed a motion for leave

5

to file a supplemental brief in support of their opposition to Defendants' motion for summary judgment on February 21, 2017. (ECF No. 53.) In light of this Court's decision in this Opinion and Order, this Court denied Plaintiff's motion in a text order.

### III. Applicable Law & Analysis

#### A. Comparative Negligence

Under the *Erie* doctrine, federal courts sitting in diversity apply the substantive law of the forum state and federal procedural law." *Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365, 374 (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)). In this negligence action, this Court applies the substantive law of Michigan. Under Michigan law, a plaintiff asserting a negligence claim must prove: (1) 'that the defendant owed a legal duty to the plaintiff,' (2) 'that the defendant breached or violated the legal duty,' (3) 'that the plaintiff suffered damages,' and (4) 'that the breach was a proximate cause of the damages suffered.' *Demo v. Red Roof Inns, Inc.*, 274 Fed.Appx. 477, 478 (6th Cir.2008) (quoting *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993)).

Michigan's No-Fault Act provides that a person may be "subject to tort liability for non-economic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." Mich. Comp.

Laws § 500.3135(1).  A party cannot recover damages if they are more than 50% at fault.  Mich. Comp. Laws § 500.3135(d).

"In [Michigan] in all but rare instances the questions of negligence and proximate causality are for the jury where, as here, one has been demanded." *Kubasinski v. Johnson*, 208 N.W.2d 74, 75 (Mich. 1973) (internal citations omitted).  "'Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury.'"  *Id.* (quoting *McKinney v. Yelavich*, 90 N.W.2d 883, 885 (Mich. 1958)).

Defendants argue that because Plaintiff caused the accident, she is unable to recover damages.  In particular, Defendants rely on Lawrence's testimony that Plaintiff was speeding and "wobbly" as she drove up the ramp to merge onto the highway.  (Lawrence Dep. 8:23-9:2.)  In response, Plaintiff provides her own testimony that she was driving the speed limit, before accelerating to merge onto the highway.  (Purdy Dep. 51:11-13.)  Plaintiff also directs the Court's attention to the inconsistencies in Lawrence's testimony at his deposition with Trooper Robe's interview summaries.  (*See* ECF No. 38.)

The Court finds that genuine issues of material fact exist as to whether Plaintiff is more than 50% at fault for the collision.  This case turns on the weight given to the testimonies of Lawrence, the parties, and Trooper Robe's report.

7

Lawrence's deposition, which was taken three years after the accident, contradicts Trooper Robe's written recollection of his interview with Lawrence conducted the day of the accident. The facts here do not constitute one of those rare instances where a jury should not determine liability. Therefore, the Court is denying Defendant's summary judgment argument as to comparative negligence.

### B. Michigan Compiled Law § 500.3135(2)(c)

Next, Defendants argue that Plaintiff is barred from recovering damages because she did not have an insurance policy on her motorcycle at the time of the accident. (ECF No. 33 at Pg ID 629.). Plaintiff does not dispute that she did not have insurance on her vehicle at the time of the accident. (*Id.* at Pg ID 864.) However, Plaintiff argues that she is not barred because the statute does not apply to motorcycles. (*Id.* at Pg ID 864-65.)

Under Michigan Compiled Law § 500.3135, an uninsured motorist can be barred from recovering damages. The statute provides:

> Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred.

Mich. Comp. Laws § 500.3135(2)(c). Michigan Compiled Law § 500.3101 governs insurance policies and security for payment for Michigan's No-Fault Act. It also provides definitions for the No-Fault Act. A motor vehicle is defined as "a vehicle, including a trailer, that is operated or designed for operation on a public

8

highway by power other than muscular power and has more than 2 wheels." Mich. Comp. Laws § 500.3101(2)(h). The definition also provides that "[m]otor vehicle does not include any of the following: (i) A motorcycle." *Id.*

Defendants request that this Court construe the No-Fault Act to bar motorcyclists from recovering damages if they lack insurance. The Court declines to do so.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 33) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 21, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager

9